## WILSON, use, &c. *vs.* CANTRELL, et als.

1. When the official bond of a county treasurer is defective as a statutory bond, but good as a common law bond, suit can only be brought upon it in the name of the obligee.

2. An official bond of a county treasurer, the condition of which is in the precise words and form prescribed by the Act of 1839, (Clay's Dig. 577, ᕻ 11,) and refers specially to the act by virtue of which the bond was executed, and on which is endorsed the oath prescribed by the act, subscribed by the treasurer, is a good statutory bond, although it does not recite that the principal obligor is the county treasurer, or that he was elected as such.

3. The eighteenth section of the act of 1839, (Clay's Dig. 580, ᕻ 27,) which inflicts a penalty on a county treasurer for a breach of duty, does not deprive a party, who is injured by such breach of duty, of his right to bring an action on his official bond against the treasurer and his sureties.

4. In an action of debt against a county treasurer and his sureties on his official bond, a recovery can only be had for injuries necessarily affecting the rights of the party for whose use the suit is brought.

5. In debt on bond, a demurrer will not lie to a whole count which assigns several breaches, some of which are good.

ERROR to the Circuit Court of Benton. Tried before the Hon. L. P. Walker.

J. B. MARTIN, for plaintiff in error :

There can be no valid objection to this as a statutory bond. It is a literal transcript of the form prescribed by the statute in every particular. True, the term treasurer does not immediately follow the name of the obligor, nor does it appear in the form laid down in the statute But the bond affirms on its face that it was a treasurer's bond. It imposes duties required of no other officer. The act requiring the bond and prescribing the duties of county treasurers is referred to by title and date in the body of the bond itself, and upon the back of the bond, and of the same date, is the sworn obligation of the obligor to discharge the duties of treasurer, &c.—Clay's Dig. 577, § 11. The absence of the title " treasurer," if even strictly proper, which is doubted, is a mere clerical omission which will not affect the instrument sued upon as a statutory bond, especially when taken in connection

Wilson, use &c. v. Cantrell et als.

with the averments of the declaration.—Bagby, Gov. v. Chandler et al., 8 Ala. 230; ib. 9 ib. 770; Anderson v. Rhea, 7 ib. 104; Sanders & Fenwick v. Rives, 3 Stew. 109; Robins et al. v. The Governor, use, &c., 8 Ala. 839; Boring et al. v. Williams, Treas., 17 ib. 510.

2. But it is insisted, that whether this bond is good as a statutory bond, is utterly immaterial, as no statutory or summary remedy is sought upon it, and the declaration, if its averments be true, presents a perfect cause of action according to the common law.—Whitsett v. Womack, use, &c., 8 Ala. 466; Meredith v. Richardson & O'Neal, 10 ib. 828; Robins et al. v. The Governor, use, &c., 6 ib. 839; Hodson v. Morse, 5 Mass. 314; 10 ib. 21; 18 Pick. 257.

3. The bond was voluntarily executed, was founded upon a sufficient consideration, and is not declared illegal by the common or statute law.—Clap, Adm'r., &c., v. Cofran, 7 Mass. 98, and authorities cited above.

4. It is perfectly competent for us to aver and prove by parol that the bond was intended and given as treasurer. To do so, will nether add to, contradict, nor vary the instrument, but simply supply that which was omitted, but which the bond itself shows was intended to be inserted.—Bennchan v. Webb et al. 6 Iredell's N. C. R. 57; Kincannon v. Carroll, Gov., &c., 9 Yerger's R. 11; Commissioners v. McCalmont, 3 Pennsylvania 122; Penniman v. Banymore, 6 Martin La., 494; Nicholas v. Krebs, Ex'r., 11 Ala. 230; Mundine v. Crenshaw et al. 3 Stew. 87; Meade v. Steger, 5 Por. 498; Baldwin v. Carter, 17 Conn. 201.

5. Some, at least, of the breaches being good, a general demurrer will not reach even those which may be bad.—Watts, Ex'r. v. Sheppard, 2 Ala. 425; Taylor v. Pope, 3 ib. 190; Botts v. Bridges, 4 Por. 274.

6. The suit is properly brought in the name of the judge of the county court.—Governor, use, &c. v. Gantt, 1 Stew. 383; Bagby v. Chandler, 8 Ala. 250; Polk v. Plumer et al. 2 Humph. 500. The suit is properly brought for the use of the county treasurer. He is entitled to all monies and effects belonging to the county, and it is expressly made his duty to prosecute suits for the collection of the same.—Clay's Dig. 578, § 15; ib. 580, § 26.

JOHN FOSTER, *contra:*

1. The bond declared on is not drawn in compliance with the provisions of the statute. It was not executed as a treasurer's bond.—Clay's Dig. 576.

2. If the bond cannot be considered as a statutory bond, though it might be valid at common law, the obligee or his personal representatives are the only parties entitled to sue, and the present plaintiff cannot maintain the action.—Justices of Cumberland v. Armstrong, 3 Dev. 286; Jones v. Wiley, 4 Humph. 146; Hibbats v. Canada, et al. 10 Yerger 465.

There is a misjoinder of causes of action. The breaches assigned, are, 1. For not paying claims on the county presented by Robinson Dothard et al. For this breach the persons holding the claims should sue.—Clay's Dig. 479, § 24. 2. For not accounting with commissioners' court when required so to do. For this breach any person might sue and recover the penalty, one half of which only goes to the county.—Clay's Dig. 580, § 27. 3. For not paying over money to his successor, Woodward. It is clear that the last breach is the only one for which the present plaintiff could sue, even if the obligation is to be considered a statutory bond. In all official bonds the obligee holds a mere naked trust for the benefit of all persons interested, who only have a right of action, and must in the declaration show themselves to have been damnified.

The declaration alleges that the county of Benton has been damnified, not Woodward, the treasurer, for whose use suit is brought.

If the bond sued on is a statutory bond, there is no authority given to Woodward, the successor of Cantrell, to put it in suit in name of Judge of County Court.—Judge of Benton County Court v. Price et al. 6 Ala. 38.

If Woodward, as treasurer, can sue at all, the action must be brought in his own name for the use of the county, for by operation of law, he is vested with the legal interest in the bond.— Clay's Digest, 578, § 15; The Auditor v. Woodruff, 2 Ark. 74; Taylor et al. v. The Auditor, 2 Ark. 186.

After demurrer for misjoinder, it cannot be cured by withdrawing or *nol. pros.* one count.—1 Chitty's Pl. 436.

COLEMAN, J.—This action was brought to recover damages for alleged breaches of the official bond given by Aaron Can-

Wilson, use &c. v. Cantrell et als.

trell, as the treasurer of Benton County. The first count in the declaration having been withdrawn by the plaintiff by permission of the court, the demurrers to the remaining counts separately, and to the whole declaration, were sustained.

The bond is made payable to James L. Lewis, as Judge of the County Court of Benton County, and his successors in office, and the suit is brought in the name of Robert L. Wilson, as his successor. We think it very clear that if the bond is not a good statutory bond, the suit was improperly brought in the name of Wilson. For if it is good merely as a common law bond, the right to sue thereon would be in Lewis, the obligee.

The question, therefore, presented for our consideration is whether the writing obligatory sued on is a good statutory bond. It is insisted by the defendant's counsel that the bond is defective according to the statute, in not stating that the obligor, Cantrell was the treasurer of Benton County, and that it does not appear in the bond that he had been elected as such.

The first section of the act of 1839, in relation to county treasurers, (Clay's Digest, 577,) after directing that the county treasurer shall give bond in double the amount of the estimated revenue of the county, payable to the Judge of the County Court and his successors in office, prescribes the form in which the condition to the bond shall be written.

We find the condition to the bond sued on precisely in the words and form prescribed by the statute, and the condition refers specially to the act by virtue of which the bond was executed. We also find endorsed on the bond an oath subscribed by the defendant Cantrell, as prescribed by the statute, in which he swears to perform the duties of county treasurer.

The condition to the bond setting forth all the duties required of the obligee as treasurer of Benton County, and referring specially to the act under which it was given, as clearly indicates the character of the bond and the purpose for which it was given, as if the word treasurer had been affixed to the name of the obligor wherever it occurs in the bond. We have therefore no hesitation in declaring it a good statutory bond.

By the 18th section of the act referred to, it is declared that if any county treasurer shall fail to comply with the duties required of him by this act, he shall forfeit not less than one hundred, nor more than two hundred dollars, to be recovered before

any court of competent jurisdiction; one half to the use of the proper county, and the other half to the person suing for the same.

It is contended that the recovery given by this section takes away the general remedy as pursued in this case, and that the declaration therefore improperly alleges as a breach that the defendant failed and refused to account, &c. We think that it was intended by the foregoing section, to inflict a penalty for a breach of duty of an officer, and not deprive a party aggrieved by such breach of duty, of the right to sue the treasurer and his securities. To hold otherwise, would make it a superfluous act to take bond and security of the treasurer, and the aggrieved party might find the penalty of two hundred dollars very inadequate compensation for the injury sustained.

It is alleged, as one of the breaches in the declaration, that Cantrell refused to pay certain claims due to individuals therein specified. We do not think that a recovery can properly be had in this suit for any injury to a third person. A recovery can only be had here for an injury necessarily affecting the rights of the party for whose use the suit is brought. The plaintiff had no right, as treasurer, to demand of Cantrell the amount of an individual's claim on him as former treasurer, and therefore could not sue for it. But as there are good breaches laid in the same count, and there is a demurrer only to the whole count, and not to the breaches separately, the demurrer must be overruled.

We think the court erred in sustaining the demurrers to the separate counts and to the whole declaration. The judgment is therefore reversed and the cause remanded.