## ANDERSON *et al. v.* BLAIR, for use, etc.

1. Where under the charter of a municipal corporation an officer thereof is required to give a bond for the faithful performance of his duties, payable to the mayor and council of the municipality; but by mistake the bond is made to a named person described as mayor, and to his successors in office, such a bond is not good as a statutory bond, but is a voluntary or common-law bond upon which an action may be brought by the obligee named, or his personal representatives, for the use of any person aggrieved by a breach of the bond.

2. Where the charter makes it the duty of such officer to collect the taxes assessed by the municipality and to pay them over to the city treasurer, and where by a subsequent act of the legislature a board of education for the city is created and a tax authorized to be collected by the city for educational purposes, and it is made the duty of the officer to pay over such taxes to the treasurer of the board of education, and the officer collects the taxes but fails to pay them over, he and his sureties on the bond above described are liable on the bond to the obligee therein.

3. There was no error in overruling the demurrers to the plaintiff's petition.

Argued May 6,— Decided June 3, 1903.    Rehearing denied June 24, 1903.

Action on bond.    Before Judge Gober.    Cobb superior court. January 8, 1903.

*H. B. Moss*, for plaintiffs in error.
*J. E. Mozley* and *D. W. Blair*, contra.

SIMMONS, C. J.    By the act of 1834, and the acts amendatory thereof, the legislature incorporated the City of Marietta.    By the act of 1879 (Acts 1879, p. 260) the clerk of council was made the tax-collector of the city and required to pay over to the city treasurer all taxes collected.    By the act of 1890, as amended by the act of 1891 (Acts 1890–1, pp. 1014, 1039), a board of education was created for the city, and the municipal authorities were authorized to levy a tax for school purposes, it being made the duty of the clerk of council to pay over all such taxes to the treasurer of the board of education.    The charter of the city also required the clerk to give a bond, payable to the mayor and council of the city, for the faithful discharge of his duties.    Acts 1851–2, p. 390, § 10. Lawhon was elected clerk of council of the city, and gave a bond payable to "D. W. Blair, mayor of said City of Marietta for the time being, and to his successors in office."    A suit was brought upon this bond by Brumby, the successor of Blair, in his capacity as mayor of the city.    Upon demurrer this court held that the action on the bond could not be maintained by Brumby as successor in

office of Blair, the bond not being a statutory one and there being no authority for the mayor, as such, to bring suit. *Anderson* v. *Brumby*, 115 *Ga.* 644. A new action was begun against the same parties by D. W. Blair, the obligee named in the bond, for the use of the board of education. The petition alleged that certain funds collected by Lawhon for educational purposes had not been paid over to the treasurer of the board, but had been appropriated by Lawhon. The sureties upon the bond filed many demurrers. The demurrers were overruled, and the sureties excepted.

1. One of the questions raised by demurrer was whether Blair, the obligee, had any right to bring the action. This court having, in the case of *Anderson* v. *Brumby*, supra, decided that the bond was not statutory but a voluntary bond, it is not necessary for us now to discuss this question further. The only question necessary to determine this branch of the case is whether the obligee named in the voluntary bond can maintain the action for the use of the board of education, which the petition alleges to be entitled to the money collected by the clerk of council and not paid over. It is a well-established rule that where an officer is required to give an official bond and fails to give the bond required, but gives a voluntary bond to a person different from the one prescribed by statute, the person to whom the law requires the bond to be given can not maintain an action thereon in his official capacity, nor can his successor in office do so. Under the Political Code, § 263, such a bond is not void, but stands in the place of the official bond, subject, on its condition being broken, to all the remedies which could have availed the persons aggrieved had the official bond been given. The bond not being void and the principal and sureties being liable under this section of the code, the question arises as to who can enforce the liability. This question seems to be as well settled as the one just above mentioned. All the authorities we have investigated hold that the obligee named in such a bond, or his personal representatives, are the only persons who can maintain the action. If the mayor and council could not maintain the action on the bond and the successor of Blair as mayor could not do so, it follows that the obligee is the person to do so. If it is true that the clerk of council collected money belonging to the board of education, the latter had a right to the possession thereof for the benefit of the schools. That for every right there is a remedy is an old maxim of the law.

We hold that in this case one of the remedies is a suit on the bond in the name of the obligee for the use of the board of education. This is no new principle in the law, but has been announced by courts in all parts of the Union, as will be seen by reference to the cases cited below, which are a few of those dealing with the question: Jones v. Wiley, 4 Humph. (Tenn.) 146; Taylor v. Arthur, 9 Smed. & M. (Miss.) 192; Hibbits v. Canada, 10 Yerg. (Tenn.) 464; Wilson v. Cantrell, 19 Ala. 642; Williams v. Ehringhaus, 3 Dev. Law (N. C.) 297; Murfree, Off. Bonds, § 438, and cases cited.

2. Another ground of demurrer was that there was no public law imposing upon the clerk of council the duty of collecting and paying over the taxes levied for educational purposes; and that if the duty was imposed by the municipal authorities, the ordinance should have been set out. As to the existence of a public law imposing this duty, we disagree with counsel for the plaintiffs in error. In the act of 1879, the city clerk is made collector of taxes for the city. The act of 1891, while it does not expressly say that he shall collect the taxes levied for educational purposes, does require him to pay them over to the treasurer of the board of education. By this act the legislature recognized that he was already the collecting officer of the city, and directed him to pay these school taxes over to the treasurer of the board. This act, we think, required him as clerk to collect these taxes levied for school purposes, and to pay them over to the treasurer of the board.

3. There are in the record other objections to the petition, which are called demurrers. With these we do not deal, because some of them have absolutely no merit, some of them are "speaking" demurrers, and some of them seek to raise matters which should be pleaded and proved as defenses to the action. The facts set out in these demurrers should be urged in a plea or answer, and not by way of demurrer. *Judgment affirmed. By five Justices.*