20124.   CARTER *et al. v.* VEAL, commissioner, *et al.*

STEPHENS, J.   1. Where a bond was executed by a bank legally designated as a depository to receive money for the County of Carroll, in which the office of treasurer had been abolished (Ga. L. 1915, p. 174), and the bond was conditioned upon the faithful discharge by the bank of its duties as county depository, but was made payable to a designated person described therein as the ordinary "in and for said county, for the time being, and his successors in office," and where the county was one having a commissioner of roads and revenues (Ga. L. 1908, p. 282), to whom, as required by section 571 of the Civil Code of 1910 as amended by an act approved August 19, 1918 (Ga. L. 1918, p. 109; Michie's Code (1926), § 571), the bond should have been made payable, and the bond was approved by the ordinary, the tax-collector, and the commissioner of roads and revenues, as the "county depository commission," instead of by the commissioner of roads and revenues as required by section 571 of the Civil Code of 1910 as thus amended, the bond was one indemnifying the county against loss of county funds while in the possession of the bank as the county depository; and although the bond was not executed and approved as required by law, it stood, by virtue of section 298 of the Civil Code of 1910, in the place of the official bond required by law of a depository of county funds. Although the bond was made payable to the ordinary of the county, the commissioner of roads and revenues of the county could issue a summary execution in the name of the county, against the bank as the depository and the sureties upon the bond, upon a failure of the bank to pay over to the county funds belonging to the county which had been deposited in the bank as the county depository. *Roberts* v. *Dancer,* 144 *Ga.* 341 (87 S. E. 287); *Lamb* v. *Dart,* 108 *Ga.* 602 (34 S. E. 160); Ga. L. 1908, p. 282, § 6.

2. Since, under section 259 of the Civil Code of 1910, "no person shall hold, in any manner whatever, or be commissioned to hold at one time, more than one county office, except by special enactment of the legislature heretofore or hereafter made," and no commissioned officer shall be a "deputy for any other commissioned officer, except by such special enactment," a person commissioned as coroner of a county can not afterwards during his term be legally commissioned as a deputy sheriff of the county, in the absence of the authority of a special legislative enactment; and where, in the absence of such authority, a person, after having been commissioned as coroner and during his term, was appointed and commissioned a deputy sheriff for the county, his appointment and commission as deputy sheriff were illegal, and his official status was that of coroner only; and his levy as coroner of an execution against several defendants, one of whom was the sheriff of the county, was not illegal on the ground that the execution was levied upon the property of the sheriff by one of the sheriff's deputies.

3. The court properly overruled the affidavit of illegality, and properly allowed the levy to proceed.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1930.

*Boykin & Boykin,* for plaintiffs in error.
*Smith & Millican,* contra.