21645. AMERICAN SURETY CO. *v.* GOOGE *et al.*

Decided March 4, 1932.   Rehearing denied March 5, 1932.

*Little, Powell, Reid & Goldstein,* for plaintiff in error.
*Hal Lawson,* contra.

STEPHENS, J.  1.  Where the statute requires that the secretary and treasurer of a board of trustees of a local school established as required by law who receives money raised by local taxation for public schools shall give bond to the county board of education in a sum "not less than double the amount of money likely to be received by him during his term of office," "for the faithful performance of his duties" as secretary and treasurer of the board of trustees of the local school (act approved August 19, 1912, Ga. L. 1912, p. 183; Michie's Code of 1926, § 1551(148, 149)), and where the duties required of him are to collect and hold in custody and disburse moneys received by him as such secretary and treasurer, a bond executed by him as principal, and by another as surety, to the county school board of education as the obligee, in the sum of $1,000, for loss that may be sustained by the obligee "in money or other personal property by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication on the part of the principal," while holding the position of secretary and treasurer of the local school, and which is in a penal sum limited in amount, and contains provisions not required

in the statutory bond for a secretary and treasurer of the board of trustees of a local school, which restricts liability on the bond to such loss only as may have occurred within a limited time prior to filing suit, which is less than the statutory period of limitation prescribed for a suit upon the bond, and also to such loss only of which notice is given to the surety within a limited time after the loss has occurred, the bond is "not in the penalty payable and conditioned" as required by law; but where it was the intention of the obligees in such a bond to execute a bond which would take the place of the statutory bond, and under which he could qualify and act as secretary and treasurer of the board of trustees of the local school, and he qualified and acted under the bond in the discharge of his official duties, the bond, as required by section 298 of the Political Code of 1910, stood in the place of the official statutory bond required, and on the failure of the principal to faithfully perform the duties of the office, the bond was subject to all the remedies which the county board of education might have obtained on the official bond. *Smith* v. *Taylor*, 56 *Ga.* 292; *County of Fulton* v. *Clarke*, 73 *Ga.* 665; *Edmondson* v. *Wynn, Dudley* (Ga.), 22.; *Central Bank* v. *Kendrick, Dudley* (Ga.), 68; *Governor* v. *Williams, Dudley* (Ga.), 244; U. S. Fidelity & Guaranty Co. *v.* Union Trust &c. Co., 142 Ala. 532 (38 So. 177); State *v.* McGuire, 46 W. Va. 328 (33 S. E. 313, 76 Am. St. R. 822); Chambers *v.* Cline, 60 W. Va. 588 (55 S. E. 999); Stinson *v.* Buchanan County, 153 Va. 362 (149 S. E. 531); 9 C. J. 34. In *Anderson* v. *Brumby*, 115 *Ga.* 644 (42 S. E. 77), and *Anderson* v. *Blair*, 118 *Ga.* 211 (45 S. E. 28), wherein it was held that the bond sued on did not stand in the place of the required statutory bond, the bond was not payable to the obligee as required by the statute. See also *Carter* v. *Veal*, 42 *Ga. App.* 88 (155 S. E. 64). In *American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617), where it was held that a bond executed by a contractor doing public work, which was payable to a county as obligee, and not to the county as obligee "for the use of the obligee and of all persons doing work," etc., as required by an act approved August 19, 1916 (Ga. L. 1916, p. 94), did not stand in the place of the bond required by the statute; the statute expressly required that if the bond "be not taken in manner and form as herein required, the corporation or body for which work is done under the contract shall be liable to all persons furnish-

ing labor," etc. In that case it was held, that, by reason of the failure to execute the bond in the *manner and form* required by the act, a person who furnished materials to the contractor to be used in the performance of the contract with the county to do public work could not maintain an action in his own name against the principal and the surety on the bond. The case of *Mayor &c. of Brunswick* v. *Harvey,* 114 *Ga.* 733 (40 S. E. 754), where the bond contained restrictions similar to those in the bond here sued on, is distinguishable in that the officer, although he signed the bond, did not by the terms of the bond become obligated to the obligee of the bond.

2. The petition in a suit by the county board of education against the principal and the surety upon the bond, to recover for moneys alleged to have been misappropriated by the principal, the secretary and treasurer of the local school, which he had paid out contrary to law, without authority of the board of trustees of the local school, which was brought within the statutory period of limitation of suit upon the bond, set out a cause of action.

3. None of the grounds of the demurrer can be properly classed as special, since the demurrer made the contention only that the petition did not set out a cause of action, and the various grounds thereof were but amplifications of this contention. The court did not err in overruling the demurrer on any of its grounds.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., concurs specially.*

JENKINS, P. J., concurring specially. One of the questions involved in this case does not seem to be without some difficulty. I am concurring in the opinion on the theory that it was the intention of the parties to give a statutory bond, notwithstanding the fact that the liability imposed by the bond does not follow the language of the statutory obligation, and is not as broad, and that, contrary to the provisions of the statute, is limited as to time and requires notice of loss to be given. It is the general rule that where a bond is given under authority of a public statute in force at the time it is executed, in the absence of anything appearing to show a different and contrary purpose and intent, it will be presumed that the intention of the parties was to execute such bond as the law requires, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with

the statute, and under the construction given to the statute by the courts. In this case the general law requires a bond for the faithful performance of the duties of the secretary and treasurer of a local school district, payable to the county board of education. In compliance with the mandate of law, a bond was executed to the county board of education by the public official after he had stated to the agent of the bonding company that he had been elected to the office mentioned and desired to give the statutory bond required by law, and after the board of education had stated in writing the name of the office held by the principal and thus given in detail the nature and character of his duties, and under this bond the official proceeded to qualify and serve. By the terms of the bond executed, the principal and surety became liable for any acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or wilful misapplication on the part of the principal of any funds held by him as such official. The provisions of the bond undertook to set up limitations restricting liability thereunder to such acts only as might have occurred within a time prior to the filing of suit less than the statutory period of limitations, and also to such loss of which notice was given to the surety within a limited time after the loss. Inasmuch as the public law required a bond to be given to the obligee named in the present instrument (contrary to what was the fact in *Mayor &c. of Brunswick* v. *Harvey,* supra), and since the bond sued on was given in accordance with the mandate of law and the official qualified and served by virtue of having given the same, and inasmuch as the liability embraced by its terms includes every conceivable sort of misapplication or misappropriation of funds, it would seem that the purpose and intent of the instrument as executed was to comply with the duty required by law, and that the language employed by the bond in imposing liability was intended as an interpretation, though in different language, of what the statute actually requires, since it embraced by express terms the same character of liability as the language of the statute imposes, although it must be conceded that the language of the bond imposing liability can not be said to go to the full extent that liability imposed under the statute does, since liability for acts of negligence (such as are here involved) is not embraced by the terms of the bond. This, the point of difficulty, being granted, the bond intended to meet the statutory requirements would not be invalidated

merely because it sought to include conditions or limitations not authorized by law, since it appears to be the general rule that in construing the bond in connection with the statute, whatever is included in the bond which is not thereby required must be read out, and whatever is not expressed and ought to have been incorporated must be read in, so as to conform to the requirements of law; in other words, a bond may be intended as a statutory bond although it does not by its terms cover the full liability expressed by the statute, and although it may contain some provision or proviso not authorized by the statute. In such a case whatever is excluded must be read in, and any unauthorized proviso must be treated as surplusage and read out as void. 9 C. J. 34, 35; 22 R. C. L. 497.