UNITED STATES FIDELITY & GUARANTY CO. *v.* McCURDY.

GILBERT, Justice. The rulings here made are in response to questions certified by the Court of Appeals, and indicated in the syllabi. *Held:*

1. A bond made and acted upon by a treasurer of the board of trustees of a local county-school district, who is required to give a bond under the provisions of the Code of 1933, §§ 32-1105, 32-1120, which bond is made payable to such local board of trustees instead of to the county board of education as required by the statute, and which contains, in addition to the provision that the treasurer shall well and truly perform the duties of his office, a condition that the surety "shall in no wise be held liable for any loss, costs, damages, or expenses of any kind caused by the failure of the bank, institution, or depository to pay, deliver over, or properly account for any money, moneys, securities, or property of any kind placed on deposit therein or in its custody by or for said, . . treasurer," is not a statutory official bond, but is a common-law bond, because not made payable to the obligee named by the statute authorizing the giving of such bond. *Mayor &c. of Brunswick* v. *Harvey,* 114 *Ga.* 733 (40 S. E. 754) ; *Anderson* v. *Brumby,* 115 *Ga.* 644 (42 S. E. 77) ; *Anderson* v. *Blair,* 118 *Ga.* 211 (45 S. E. 28). See also *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617), which dealt with whether a bond was a statutory or a common-law bond, but not with an official bond.

2. The bond did not provide merely "that the treasurer shall well and truly perform the duties of his office." Had it contained that condition, and no more, it would have been in that respect the same as the bond dealt with in *Citizens Bank* v. *American Surety Co.,* 174 *Ga.* 852 (164 S. E. 817). The bond now under consideration contained the further provision quoted above, the effect of which was to limit the liability of the surety company. The limitation expressly made in the contract demands a construction that the bond does not indemnify for all defaults of the treasurer; and for this reason, as well as the fact that it was payable to an obligee not authorized by the statute, the bond is a common-law bond, not a statutory bond.

3. Such a bond as described above, being a common-law bond, can be enforced under the provisions of the Code of 1933, § 89-419. Under that

684

section such a bond is not void. It takes "the place of the official bond, subject, on its condition being broken, to all the remedies, including the several suits, which the persons aggrieved might have maintained on the official bond." There is nothing in the Code which can make the surety liable for breaches caused by acts or happenings which the bond itself expressly excludes from liability. *Mayor &c.* v. *Harvey*, supra. To hold otherwise would be for the court to make a contract differing in its terms from that made and executed by the parties.

4. Counsel for the surety company have furnished an excellent brief of cases decided in other States and reference to text-writers. The Georgia statutes and decisions, however, require the answers as above stated.

*All the Justices concur. Bell, J., concurs specially.*

No. 10736. MAY 18, 1935. REHEARING DENIED JUNE 14, 1935.

*Bryan, Middlebrooks & Carter* and *Bonneau Ansley*, for plaintiff. *Scott Candler, J. A. McCurdy Jr.*, and *B. H. Burgess*, for defendant.