23902.  UNITED STATES FIDELITY AND GUARANTY
COMPANY *v.* McCURDY.

</div>

<div align="center">

DECIDED JULY 13, 1935.

</div>

*Bryan, Middlebrooks & Carter, Bonneau Ansley,* for plaintiff.
*Scott Candler, J. A. McCurdy Jr., B. H. Burgess,* for defendant.

SUTTON, J.  Asa Dean Rhodes was made treasurer of the Board of Trustees of Stone Mountain School District No. 20 of DeKalb County, Georgia.  The United States Fidelity & Guaranty Company executed the official bond of such treasurer as surety, which bond was in the penal sum of $3500, and conditioned "that if the said Asa Dean Rhodes shall well and faithfully perform all the duties of his said office, then this obligation to be void, otherwise to remain in full force and effect. . . It is understood and agreed, and this bond is given and accepted on the condition that the surety shall in no way be held liable for any loss, costs, damages or expenses of any kind caused by the failure of any Bank,

Institution or Depository of any kind to pay, deliver over or properly account for any money, moneys, papers, securities or property of any kind placed on deposit therein or in its custody by or for said Asa Dean Rhodes as such Treasurer or in any other capacity." The bond was made payable to the Board of Trustees, Stone Mountain School District No. 20, and provided as to the principal and surety thereon that "we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents." The bond was dated February 20, 1931. The bond was signed by the fidelity company as surety, but the principal therein, said treasurer, did not sign and execute the bond. The treasurer of said school district was also cashier of the Granite Bank of Stone Mountain, Georgia, and one Dr. W. T. McCurdy was a large stockholder therein and was also president of said bank. The fidelity company agreed to sign the bond of said Rhodes, as such school district treasurer, upon consideration of an indemnity agreement executed by Dr. W. T. McCurdy, wherein Dr. McCurdy agreed that whereas the said fidelity company "has become or is about to become surety upon the bond of" said treasurer, and whereas said treasurer "has made and proposes to make deposits in the Granite Bank of Stone Mountain . . of official moneys which have and shall come into his hands," the said Dr. W. T. McCurdy should hereafter "save harmless and keep indemnified the said public official" and the said fidelity company against all "suits, actions, debts, damages, demands, costs, charges and expenses, including court costs and counsel fees, at law or in equity, that shall or may at all times hereafter happen or accrue to the said public official" and said fidelity company "for or by reason of the failure of the said depository to deliver over or properly account for on demand any money, moneys, papers, securities or property of any kind placed on deposit therein or in its custody by or for the aforesaid public official." This instrument was executed by Dr. McCurdy, under seal, on February 14, 1931.

Said bond of the treasurer was delivered to and accepted by the board of trustees of said school district "acting for and in behalf of the County Board of Education of DeKalb County, Georgia," and the said treasurer entered upon the performance of his duties as such. There were paid over to him as such treasurer public school funds, which it was his duty to receive and care for, that

amounted to $10,059.66 or more. Said treasurer deposited all of said funds in the Granite Bank of Stone Mountain. This bank failed on June 23, 1932, and was taken over by the State superintendent of banks for liquidation. When said bank failed there was on deposit therein to the credit of said treasurer said $10,059.66, and no dividend has been paid thereon to the board of trustees or to the county board of education, except a five per cent. dividend. Claim was made therefor on the fidelity company by the county board of education and the board of trustees of said school district on account of said bond executed by it for said treasurer, and said fidelity company, taking the position that it was liable for said funds under the laws of this State, paid said claim. In addition to the amount paid by the fidelity company on said claim, it was necessary that it employ an attorney to represent and advise it in adjusting the claim of said board of trustees and county board on the bond of said treasurer, and it paid such attorney $150.

The fidelity company brought suit against Dr. W. T. McCurdy upon the above and foregoing indemnity agreement executed by him for the amount of the claim paid by it and the $150 attorney's fees expended in making the settlement. From the petition the above facts appear, and it was also alleged that the treasurer of said school district was insolvent, that said treasurer paid the premiums on said bond and acted on the same as his official bond and received thereunder the funds entrusted to him, and that all parties interested in the bond had treated the same as a valid, legal and binding bond. The defendant demurred to the petition upon the ground that no cause of action was set out; that it appeared from the petition that any payment of a claim made by the fidelity company was a voluntary one for which it was not liable, that it was not shown that there was any legal liability upon the part of the fidelity company to pay said claim, and that unless it appears from the petition that the plaintiff was legally liable for the payment of said claim under the bond it can not proceed against the defendant to recover the amount so paid. The court sustained the demurrer and dismissed the petition, holding that the bond was not a statutory one. To this judgment the plaintiff excepted.

■ "It shall be the duty of the treasurer or the secretary and treasurer of any board of trustees of a public school receiving money raised by local taxation for public schools, to make a good and suf-

ficient bond for the faithful performance of his duties, payable to the county board of education, in a sum not less than double the amount of money likely to be received by him during his term of office, the amount and sufficiency of said bond to be judged by the county board of education." Code of 1933, § 32-1120. Sections 32-1101, 32-1104 and 32-1105 of that Code provide for the laying off, by the county board of education of each county, of the county into school districts, for the election of the trustees of such districts, and for their election or appointment from among themselves of a treasurer, and that "the treasurer shall make a proper bond payable to the county board of education." These trustees of the various school districts of the counties of this State are public officials thereof, and a treasurer appointed by such trustees from among themselves for the purpose of handling and taking care of the funds of such school district acts in that capacity as a public official.

It will be seen from section 32-1120 that the bond of the treasurer of a school district given for "the faithful performance of his duties" shall be made "payable to the county board of education." It is contended by counsel for the defendant that because said bond was not made payable to the county board of education, but was made payable to the "Board of Trustees, Stone Mountain School District No. 20," that the same failed to meet the requirements of the above section of the code, and was not a statutory bond, but was a common law undertaking or voluntary bond. On account of the provisions of section 89-419 of the Code, and of the rulings in *Mayor &c. of Brunswick* v. *Harvey*, 114 *Ga.* 733 (40 S. E. 754), *Anderson* v. *Brumby*, 115 *Ga.* 644 (42 S. E. 77), *Anderson* v. *Blair*, 118 *Ga.* 211 (45 S. E. 28), *Citizens Bank of Colquitt* v. *American Surety Co.*, 174 *Ga.* 852 (164 S. E. 817), *American Surety Co.* v. *Googe*, 45 *Ga. App.* 108 (163 S. E. 293), *Carter* v. *Veal*, 42 *Ga. App.* 88 (155 S. E. 64), and *American Surety Co.* v. *NeSmith*, 49 *Ga. App.* 40 (174 S. E. 262), the above question was certified by this court to the Supreme Court. Under the answer of the Supreme Court to such question certified to it, the bond involved in this case is a common-law bond, and not a statutory bond. *U. S. F. & G. Co.* v. *McCurdy*, 181 *Ga.* 683 (180 S. E. 633).

The bond in this case provided that the same was given and accepted on condition that the surety company should not be liable

for any loss of any kind caused by the failure of any bank to "pay, deliver over or properly account" for any money placed in such bank by the treasurer. With this condition remaining in the bond, which would not be so were it a statutory bond (*Lamb* v. *Dart*, 108 *Ga.* 602 (6), 34 S. E. 160), the plaintiff fidelity company was not liable to pay any loss to the county board of education or board of trustees of said school district, arising from the act of the treasurer of said school district in depositing the funds thereof in the bank, which subsequently failed. The plaintiff company not being legally liable to pay said loss, its act in paying the same was purely voluntary upon its part. So while the indemnity agreement of the defendant in this case was to save harmless the treasurer and said fidelity company from any loss occurring by reason of the deposit by said treasurer of the public money coming into his hands in a bank which subsequently failed, said fidelity company did not, legally, have to pay the loss occurring in this case, and it can not hold the defendant responsible therefor in this case.

■ The defendant contends that the bond of the treasurer in this case was not signed by him and that this rendered such bond unenforceable against the surety thereon; and that for this reason the surety was not legally obligated to pay the claim of the county board of education in this case. On the question of the liability of sureties on official bonds not signed by the principals thereof the authorities are in conflict. See Note 90 Am. St. R. 192; Note 12 L. R. A. (N. S.) 1108; Note Ann. Cas. 1912A, 1015. The better view is that where an official bond is made, delivered, accepted and acted upon as an official bond, the same being a joint and several obligation under its terms and provisions, it is binding on both principal and surety though not signed by the principal. See Adams v. Williams, 97 Miss. 113 (52 So. 865, 30 L. R. A. (N. S.) 855); Code of 1933, § 89-419. Nothing to the contrary is ruled in *Mayo* v. *Renfroe*, 66 *Ga.* 408 (4). In that case the bond was not signed by the officer and had never been accepted by the Governor of this State as the bond of such officer. "It is a contract under seal never made by the obligor and never delivered to or received by the obligee."

■ Applying the rulings above stated, the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*