A94A1395. BLACK v. CATOOSA COUNTY SCHOOL DISTRICT et al.
(445 SE2d 340)

BEASLEY, Presiding Judge.

Larry Black appeals from a final order enjoining him from serving as a member of the Catoosa County School Board so long as he serves as a Catoosa County Deputy Sheriff. The action is one for declaratory judgment and injunctive relief, filed by the Catoosa County

School District and the Catoosa County Board of Education and its members individually.[1] Black's term of office was to begin January 1, 1994, and to expire on December 31, 1996. The trial court accepted plaintiffs' position that Black's intended service on the school board would violate OCGA § 45-2-2 and Section 3 of the Act of March 30, 1993, Ga. L. 1993, p. 4258. The first prohibits a person from holding or being commissioned to hold more than one county office at one time except by special enactment of the General Assembly. The second provides, in pertinent part, that "[n]o person shall be a member of the board [of education] if that person also holds another county office, . . ., pursuant to [OCGA § 45-2-2]."

Examination of the record on appeal, which includes a stipulation of the case pursuant to OCGA § 5-6-41 (i), and an analysis of the applicable law show the trial court's order to be well reasoned, thorough, and complete. We expressly adopt its analysis as follows.

A county school board member is a county officer as a matter of law. *Stanford v. Lynch*, 147 Ga. 518, 519 (94 SE 1001) (1918). Likewise, a sheriff is a county officer. 1983 Ga. Const., Art. IX, Sec. I, Par. III; *Carter v. Veal*, 42 Ga. App. 88 (2) (155 SE 64) (1930). Both a county school board member and a sheriff are commissioned officers. OCGA §§ 45-3-30; 45-3-31. Pursuant to OCGA § 45-2-2, it is clear that one cannot be a commissioned officer (school board member) and be a deputy for any other commissioned officer (sheriff) at the same time.

Even though the voters of Catoosa County have elected appellant Black by a majority vote and he has high respect as a law enforcement officer, it is the duty of the courts to abide by the laws which have been promulgated by the legislature.

We affirm the court's declaration that Black cannot hold both the position of Catoosa County School Board Member from Education District Three and the position of Catoosa County Deputy Sheriff. It follows that the injunction prohibiting him from doing so is not improper.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 10, 1994.

*Duncan & Mickles, Brian M. House*, for appellant.

---

[1] Inasmuch as this is an appeal from the issuance of a permanent injunction, it was originally filed in the Supreme Court. 1983 Ga. Const., Art. VI, Sec. VI, Par. III (2). The Supreme Court transferred the appeal to this court.

*Renzo S. Wiggins*, for appellees.