30982. COLLINS *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

DECIDED SEPTEMBER 29, 1945.

878

*S. B. Lippitt,* for plaintiff.

*Leonard Farkas, Walter H. Burt,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) The instrument sued on was signed by the United States Fidelity and Guaranty Company alone, the City of Albany was named as the obligee therein, and it was conditioned that the United States Fidelity and Guaranty Company, called the surety, in consideration of an annual premium, "will reimburse the City of Albany, . . called the obligee, for direct loss through the failure of any person named in the attached schedule to faithfully perform and discharge according to law the duties of any position. to which he may be assigned."

The plaintiff in error alleged in the petition and here contends that the instrument sued on was executed under the authority of the ordinance of the City of Albany, the material portion of which is set out in the above statement of the petition; and was executed under the provisions of section 14 of the charter for the City of Albany (Ga. L. 1923, p. 384), and was given for the use and benefit of the public, to secure and indemnify the people for any loss or damage by reason of the default, misfeasance, malfeasance, nonfeasance, or negligence on the part of said policeman, and that the instrument is a statutory or an official bond, it being contended that the statute referred to became an integral part of the bond. Said section of the special act of the General Assembly, requiring the officers and employees of the City of Albany to give bond, is as follows: "Sec. 14. All officers and employees of the city, except the city manager herein otherwise specially provided

for, shall be required to take such oath to properly perform their duties, and to give such bond, payable to the City of Albany and its successors, for the benefit of the city and for the use and benefit of the public, to secure and indemnify the city and the people for any loss or damage by reason of their default, misfeasance, malfeasance, nonfeasance, or negligence, as the board of commissioners may by ordinance prescribe."

The bond here does not recite that it is given under or in compliance with said section 14 of the City of Albany charter, nor does it in any manner refer to such charter or the city ordinance above stated.

So, it will be seen that the instrument sued on is conditioned only to reimburse the City of Albany for any direct loss through the failure of its officers or employees to faithfully perform and discharge their duties according to law; and it is not conditioned for the use and benefit of the public or in compliance with the terms of section 14 of said charter of the City of Albany, as contended by the plaintiff in error.

The Code, § 89-418, provides: "Every official bond executed under this Code is obligatory on the principal and sureties thereon. . . . 4. For the use and benefit of every person who is injured, either by any wrongful act committed under color of his office or by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." Section 89-419 declares: "Whenever any officer, required by law to give an official bond, shall act under a bond which is not in the penalty payable and conditioned, or not approved and filed as prescribed by law, such bond shall not be void, but shall stand in the place of the official bond, subject, on its condition being broken, to all the remedies, including the several suits, which the persons aggrieved might have maintained on the official bond;" and section 89-420 provides: "Suits on bonds taken from public officers may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without any order for that purpose."

It is the general rule that, where a bond is executed under the authority of a public statute then in force, it will be presumed that the intention of the parties was to execute such bond as the law requires, in the absence of anything appearing to show a different

purpose and intent; that such statute constitutes a part of the bond as if incorporated in it; and that, in construing the bond in connection with the statute, whatever is included in the bond which is not thereby required must be read out, and whatever is not expressed and ought to have been incorporated must be read in, so as to conform to the requirements of the law.

But this general rule and the Code sections just quoted are not applicable to such a case as the present one, under the rulings of the Supreme Court in *Alexander* v. *Ison,* 107 *Ga.* 745 (33 S. E. 657); and *Mayor &c. of Brunswick* v. *Harvey,* 114 *Ga.* 733 (40 S. E. 754). In the first case just mentioned, Alexander brought an action against Ison, chief of police of the City of Griffin, and the sureties on his official bond, for damages alleged to have been occasioned by the wrongful imprisonment of the plaintiff by Ison in the guardhouse of that city. The petition was dismissed on demurrer, and Alexander excepted. The charter of the City of Griffin provided that the chief of police should "give bond in such sum, and with such security, and take such oath before entering upon the discharge of his duties, as the mayor and council may prescribe." Ison gave a bond, pursuant to the statute, payable to the mayor and council of the City of Griffin in the sum of $2000, the condition of which was that he should "well and truly demean himself in the office to which he had been elected, and well and truly account for all moneys coming into his hands by reason of said office." It was presumed by the court in deciding the case that the terms of this bond were fixed by a municipal ordinance; and in the opinion of the court it was said: "Apparently, the bond taken in the present instance was solely for the protection and benefit of the city in its corporate capacity. We can not think it was for a moment contemplated that any individual could have redress for wrongs committed by the chief of police, by bringing an action against him and his sureties upon his official bond. It was argued here that this case fell within the provisions of section 12 of the Political Code, which declares that: 'All bonds taken from public officers shall be kept in the places specified by law, and copies thereof shall be furnished to any person desiring them. Suits thereon may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose.' Obviously,

however, the provisions embraced in this section were intended to be applicable only to the public officers of this State who are required by general law to give bonds for the faithful performance of duties they owe to the public at large. This section is not, therefore, to be regarded as having any application whatever to a bonded officer of a municipality who is required by special legislation relating to that municipality alone to give such a bond as the mayor and council may deem necessary to the proper protection of the city itself. The court was right in sustaining the demurrer."

It was said in the opinion in the *Harvey* case, supra: "It was claimed here, in the argument of the learned counsel for the plaintiff in error, that, although the bond given by the defendants was defective and did not contain the provisions required by the statute, still under the Political Code, § 256, it was a statutory bond, and under the Political Code, § 263, the court would 'read into it' all the conditions prescribed for statutory bonds. We have carefully examined the bond and the authorities relied upon by counsel, and after such examination we can not concur with counsel in this contention. The charter of Brunswick (Acts 1889, p. 1041, § 39) requires that the treasurer of the city give bond and security for the faithful performance of his duties. In order to comply with this requirement, the officer himself should be one of the obligors in the bond. Instead of giving the bond required by the charter, Harvey gave one signed by the fidelity and guaranty company, which was in the nature of a policy of fidelity insurance, insuring the city against his fraud and dishonesty. While his name was signed to this bond, he, as before recited, made no promise or covenant to the city, but merely undertook to save the company harmless. A careful examination of the bond will show that it is not in the nature of a statutory bond at all, but is in its nature a policy of fidelity insurance. The company agreed with the city to pay any loss the latter might sustain by reason of Harvey's fraud or dishonesty, and the obligation is hedged about with many conditions and limitations. Not being a statutory bond, this obligation must be dealt with as a common-law bond. Being a bond of this nature, it makes the company liable under its provisions only, and the above-cited section of the Code can not possibly be applied to such a bond, even if it can ever be applied

to the bonds of officers of municipal corporations. See *Alexander* v. *Ison* [supra]. There is nothing in the act of 1896 (Acts 1896, p. 58, Van Epps' Code Supp., §§ 6620, et seq.) to require that this bond should be treated as a statutory one."

It is certain that Robert C. Collins Jr., has no right of action on the bond here in question except such as may be given him by section 14 of the charter of the City of Albany. The bond does not refer to this charter provision and is not conditioned as provided thereby, but its only obligation is to reimburse the City of Albany for any direct loss through the failure of its officers and employees named in the schedule attached to the bond to faithfully perform their duties according to law. It is not alleged or contended that the City of Albany has sustained any loss by a breach of the bond.

Under the principles of law above stated and quoted, the instrument sued on is not a statutory official bond, and consequently can be enforced only according to the terms and obligations stated in the bond. The terms of the statute can not be read into the bond so as to authorize a suit in favor of a member of the public, as contended by the plaintiff in error. The court did not err in sustaining the defendant's demurrers and in dismissing the action.

We have carefully considered the following cases relied upon by counsel for the plaintiff in error: *American Surety Co.* v. *Googe,* 45 *Ga. App.* 108 (163 S. E. 293) ; *American Casualty Co.* v. *Southern Slages,* 70 *Ga. App.* 22 (27 S. E. 2d, 227); *Great American Indemnity Co.* v. *Vickers,* 53 *Ga. App.* 101 (185 S. E. 150) ; *Great American Indemnity Co.* v. *Vickers,* 183 *Ga.* 233 (188 S. E. 24); *Citizens Bank* v. *American Surety Co.,* 174 *Ga.* 852 (164 S. E. 817) ; but they do not require or authorize a ruling different from the one above made.

*Judgment affirmed. Felton and Parker, JJ., concur.*