34418. HOPKINS *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.*

Decided January 29, 1953.

514

*Louis M. Tatham, Andrews & Jackson,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, McCord, Holland & Cooper,* contra.

GARDNER, P. J. Code § 84-1410 provides: "Any person, . . desiring to act as real-state broker, or any person desiring to act as real-estate salesman, shall file with the Georgia Real Estate Commission through the Joint Secretary, State Examining Boards, an application for license. . ." Code § 84-1409,

as amended in 1949 (Ga. L. 1949, pp. 943, 945) and 1950 (Ga. L. 1950, pp. 278, 279), provides: "Licenses shall be granted only to persons who are trustworthy and bear a good reputation for honesty and fair dealing and are competent to transact the business of a real-estate broker or real-estate salesman in such a manner as to safeguard the interests of the public and only after satisfactory proof thereof has been presented to the Georgia Real Estate Commission. Before an individual may be granted a broker's license he must have had a salesman's license in the State for at least 12 months and must have been actively engaged in the real-estate business for such period of time, and must have passed an examination provided by the Commission; . . and provided that all licensed brokers shall give bond in the sum of $1,000, acceptable to and to be approved by the said commission to abide by all laws enacted in reference to such brokers." The bond sued on was executed pursuant to the foregoing statutory provisions and is made payable to the Governor and his successors, and provides therein that the principal and said surety are bound "in the penal sum of $1,000," to be paid to the said State of Georgia. Said bond further provides that the real-estate broker, the defendant Marks, has made application to the Georgia Real Estate Commission to do business as a broker in Fulton County, Georgia, and that "This bond is given in compliance with section 84-1420 [84-1409] of the Code of Georgia, annotated, of 1933, as amended by the acts of the General Assembly 1949"; that "It is a further condition that this bond is to secure and save harmless all persons who may be injured or damaged by any wrongful act or default of said J. A. Marks, real-estate broker, or his agents and employees," and "the condition of this obligation is such that, if the said J. A. Marks shall comply with the provisions of the act governing the licensing of the Real Estate Brokers, then this obligation to be void; otherwise to remain in full force and effect."

It is our opinion that it was not the intention of the legislature, in requiring this bond of real-estate brokers desiring to obtain a license to sell real estate, that such a bond would be an obligation whereby any person damaged by the tortious acts and conduct of such broker could bring a suit for damages

against the broker and join the surety on the bond to the action, alleging such tortious conduct by the defendant broker regarding a real-estate transaction between the broker and the plaintiff and the damage to the plaintiff therefrom, and alleging that such agent was insolvent and unable to respond to any judgment for damages which the plaintiff might recover in the suit, and could recover against the surety on the broker's license bond, given under the provisions of the above law. This bond is not a liability bond and is not properly conditioned to pay the damages sustained by reason of the tortious conduct of the broker and licensee. "It is a bond given as a condition for the issuance of a license" as a real-estate broker and as security that such licensee shall "abide all laws enacted in reference to such brokers," and it so provides. As somewhat analogous, see *Accident & Cas. Ins. Co. v. Cook*, 72 *Ga. App.* 241 (33 S. E. 2d, 571). "The sum named in the bond in question was not a penalty to secure the performance of a condition, which could be discharged on payment of such damages as might be proved to have arisen from non-performance; but that it was in the nature of a statutory penalty for the non-performance of a statutory duty." Clark *v.* Barnard, 108 U. S. 436, 437 (2 Sup. Ct. 878). The purpose of the bond was to secure observance by the real-estate broker of all laws enacted by the State relative to such brokers. The bond here does not show any privity between Hartford Accident & Indemnity Company and third persons, which would be essential in bonds given to indemnify third persons against loss or damage sustained by the act of the principal in the bond. As somewhat analogous, see *Glens Falls Indemnity Co. v. Southeastern Construction Co.*, 207 *Ga.* 488 (62 S. E. 2d, 149). There was, according to the language of the bond here, no language showing any privity between the plaintiff and the surety or between any third person and the surety, and this bond is to be strictly construed. Code § 103-103. This is purely a statutory bond, and any conditions and obligations therein that are not required by the statute under which it was executed, and that are beyond the statute requiring such bond, are invalid and must be read out of the contract. See 11 C. J. S. 420, § 40; 9 C. J. 34; *Justices of Inferior Court v. Wynn's Adm., Dudley* 22.

The bond shall be construed as if such words were not embraced therein. Consequently, the words in said bond, "It is a further condition that this bond is to secure and save harmless all persons who may be injured or damaged by any wrongful act or default of said J. A. Marks, real-estate broker, or his agents and employees," are without effect and do not show such privity of contract between the plaintiff and said surety as to give the plaintiff a right of action against Hartford Accident & Indemnity Company on this bond, and it did not appear to have been within the contemplation of the parties to the surety contract that the bond should indemnify all third persons damaged by the fraudulent acts of the real-estate broker. See *Glens Falls Indemnity Co.* v. *Southeastern Construction Co.,* supra.

It must be kept in mind that the statutory bond in the instant case is entirely different, under the statute governing it, from official bonds as in the case of a sheriff, where the statute provides that he is bound to faithfully perform his duties as an official so far as public citizens are concerned.

The Judge of the Civil Court of Fulton County properly sustained the general demurrer of the defendant surety company and dismissed the petition as to that defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*