34629.   MARTIN *et al. v.* HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.*

Decided May 15, 1953.

*G. S. Peck,* for plaintiffs in error.

*Edward E. Dorsey, Powell, Goldstein, Frazer & Murphy, Mc-Cord & Cooper,* contra.

CARLISLE, J. ■ The surety bond, by virtue of which the plaintiffs seek to hold Hartford Accident & Indemnity Company liable in count 1 of the petition, under the theory that the bond is a statutory one, is the identical bond which was under discussion by this court in *Hopkins* v. *Hartford Accident & Indemnity Co.,* 87 *Ga. App.* 513 (74 S. E. 2d 494). In that case this court held: "A real estate broker's license bond, given pursuant to the provisions of Code § 84-1409, as amended by the acts of 1949 (Ga. L. 1949, pp. 943, 945) and of 1950 (Ga. L. 1950, pp. 278, 279), is purely a statutory bond, conditioned that the said broker shall comply with all the laws enacted in reference to real-estate brokers; and the surety on such bond is not liable to a third person alleged to be damaged by reason of the wrongful conduct of the broker while acting as her agent in the purchase of real estate." See also, in this connection, *Talmadge, Governor, for use,* v. *General Casualty Co. of America,* ante. It follows that the trial court did not err in sustaining the general demurrer as to count 1 of the petition.

■ The plaintiffs contend that the bond here sued on is an official one, and that they are entitled to bring the suit by virtue of the following provisions of Code § 89-418 (4): "Every official bond executed under this Code is obligatory on the principal and sureties thereon . . . (4) For the use and benefit of every person who is injured, either by any wrongful act committed under color of his office or by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." We can no more conceive that every licensed broker of real estate is an official of this State than that every licensed attorney is such. But be that as it may, in *Talmadge, Governor, for use,* v. *General Casualty Co. of America,* supra, in which *Hopkins* v. *Hartford Accident & Indemnity Co.,* supra, was thoroughly reconsidered by the court, we held: "1.(b) Under the provisions of Code § 89-418, bonds of public officers are

conditioned for the use and benefit of every person who is injured by the principal under color of office. But, as to statutory penalty bonds which are not bonds of public officers, this provision does not apply, and a member of the public who is injured by the principal's failure to observe the conditions of the bond cannot sue the principal and sureties on such bond to collect damages for such wrongful act where the statute gives him no right to bring such action. *Alexander* v. *Ison,* 107 *Ga.* 745 (33 S. E. 657); *Nesbit* v. *National Surety Corp.,* 63 *Ga. App.* 518 (11 S. E. 2d 667); *Hopkins* v. *Hartford Accident &c. Co.,* supra." It follows that the trial court did not err in sustaining the general demurrer to count 1 of the petition even under this theory of the plaintiffs.

■ In count 2 of the petition, the plaintiffs seek to hold the surety liable on the theory that the bond is a common-law one, as it contains the following provision, not required by the statute: "It is a further condition that this bond is to secure and save harmless all persons who may be injured or damaged by any wrongful act or default of said J. A. Marks, real-estate broker, or his agents and employees."

It is alleged in count 2 that "said bond was entered into by said J. A. Marks, real-estate broker, as principal and by Hartford Accident & Indemnity Company, as surety, *voluntarily,* in order that said J. A. Marks, principal, might obtain a real-estate broker's license, which license was issued to said Marks on the strength of said bond. Plaintiffs sue upon said bond as a common-law bond." [Emphasis supplied.]

We are fully cognizant of that line of Georgia decisions, both from the Supreme Court and this court, upon which counsel for the plaintiffs relies, which are in accord with the general principle of law stated in 9 C. J. 27, § 41, that "a statutory bond may be good as a common-law obligation, although insufficient under the statute because of noncompliance with its requirements, provided it is entered into voluntarily and on a valid consideration and does not violate public policy or contravene any statute." See *Mount* v. *Wall,* 127 *Ga.* 211 (56 S. E. 298); *Wall* v. *Mount,* 121 *Ga.* 831 (49 S. E. 778); *Anderson* v. *Blair,* 118 *Ga.* 211 (45 S. E. 28); *Crawford* v. *Howard,* 9 *Ga.* 314; *Stephens* v. *Crawford,* 3 *Ga.* 499; *Fennell* v. *Davis,* 34 *Ga. App.*

548 (2) (130 S. E. 595). We think the principle of law announced in those cases quite sound, but we are convinced that that line of cases is distinguishable from the present case. In those cases the bond under consideration was held to be insufficient as a statutory obligation. Such is not the circumstance in the present case.

This identical bond, in *Hopkins* v. *Hartford Accident &c. Co.*, supra, and a bond of the same phraseology, in *Talmadge, Governor, for use* v. *General Casualty Co. of America*, supra, were not held by this court to be insufficient, defective, or void as statutory bonds. On the contrary, it was held in the *Hopkins* case (p. 516) that *"this is purely a statutory bond*, and any conditions and obligations therein that are not required by the statute under which it was executed, and that are beyond the statute requiring such bond, are invalid and must be read out of the contract. See 11 C. J. S. 420, § 40; 9 C. J. 34; *Justices of Inferior Court* v. *Wynn's Adm.*, Dudley 22." (Italics ours.) We are, therefore, squarely confronted with the question whether a bond which had been held to be a valid statutory penalty bond may at one and the same time also constitute a valid common-law bond? Upon this point we have found no Georgia decision and counsel have referred us to none. However, a Missouri case, which is strikingly similar on its facts to the present one, is cited in the *Talmadge, Governor*, case, supra, and, we think, answers with considerable logic the question now before us. In that case, State ex rel. Sanders *v.* Hartford Accident &c. Co., 235 Mo. App. 729 (143 S. W. 2d 483), it appeared that, as a condition precedent to the licensing of stockbrokers in Missouri, a surety bond was required by statute. The plaintiff in that case brought her case on two theories as does the plaintiff here—namely, the defendant violated the statute, and breached the common-law bond. The court held that no violation of the licensing law had been shown, and on the question of the effectiveness of the bond as a common-law one, had this to say: "The record clearly shows that the bond in question was given in contemplation of the statute and, insofar as the respondent [licensee] is concerned, the giving of the bond was an *involuntary act*, its conditions being imposed by the direction of the State's agency as a prerequisite for relator to receive a license to do business under the provisions of the

law. . . If the state official did intend to impose duties and responsibilities beyond the provisions of the statutes, such act was ultra vires and could not impose obligations upon respondent not intended by the statutes. . . 'And it would be an anomalous holding to say that a bond may be enforced as a statutory obligation, and also as an obligation at common law.' [quoting from U. S. Fidelity & Guaranty Co. v. Iowa Telephone Co., 174 Iowa 476, 166 N. W. 727, 733]." (Italics ours.) The reasoning in these cases commends itself to us, and in the absence of authority to the contrary we hold what is said there to be the law here, and conclude that the trial court did not err in sustaining the demurrer to count 2 of the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*