36542. ST. PAUL-MERCURY INDEMNITY CO. *v.* KOPPERS CO., INC.

DECIDED APRIL 25, 1957—REHEARING DENIED MAY 13, 1957.

694

*Conger & Conger, Leonard H. Conger,* for plaintiff in error.
*E. P. Stapleton, Custer & Kirbo,* contra.

QUILLIAN, J. In this opinion the plaintiff in error will be referred to as the defendant and the defendant in error as the plaintiff, they having occupied those positions in the trial court.

■ The defendant insists that the writ of error should be dismissed because the bill of exceptions was not filed with the clerk of the trial court until November 26, 1956, which was seventeen days after the date of certification by the trial judge. This contention would be meritorious were it not for the fact that the clerk of the trial court has filed a certificate in which she states the bill of exceptions was presented to her on November 24, 1956, but due to the press of business was erroneously not marked filed until November 26, 1956. The failure of the clerk to mark the bill of exceptions "filed" on the proper date, being in no way attributable to any fault of counsel, the writ of error will not be dismissed. *McDaniel* v. *Columbus Fertilizer Co.,* 109 *Ga.* 284 (34 S. E. 598); *Jones* v. *Smith,* 83 *Ga. App.* 798, 802 (65 S. E. 2d 188); *Kersey* v. *Barfield,* 46 *Ga. App.* 442 (167 S. E. 925).

■ The bond contained a condition that "Unless claimant shall have given notice to any two of the following: The principal, the owner, or the surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the principal, owner, or

surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer."

In the bond, Bruce Bowen, Inc., is the principal and the State School Building Authority is designated as the "owner." The petition revealed that the condition was not complied with. It follows that if the condition was valid the demurrer should have been sustained. In a conventional bond the condition would have been legal and enforceable. If the bond was a statutory bond, that is one made in compliance with the requirements of a particular law, the condition was not valid unless that particular law authorized its inclusion in the bond.

The validity of a bond given in compliance with a statute, and which meets the requirements of the statute is not affected or its nature changed by the inclusion in the bond of a condition that is either not authorized or is repugnant to the statute, except in the instances where the law expressly provides that a bond not made strictly in accordance with the statute is void.

The bond in the instant case is without question a statutory bond given to meet the mandate of the law embodied in Code § 23-1705. The bond contains every provision prescribed by the Code section, and recites that it is given for the very purpose the law codified in the section contemplated. No law declares that a bond given in compliance with Code § 23-1705 but which included a condition not authorized by the statute is void or invalid.

The case of *Stephens* v. *Crawford*, 1 *Ga.* 574, 581, contains the same pronouncement similarly phrased: "It is true, as claimed by learned counsel for the defendant in error, that if a bond, required by statute, departs from its strict provisions, as where the penalty is larger than that named in the act, it is notwithstanding good, so far as it is in conformity with it; unless the statute expressly declares that all bonds, not taken in conformity with its provisions, shall be void."

The rule was confirmed in *Kahn* v. *Herman*, 3 *Ga.* 266, 273: "We think for these reasons, that the bond given, is substantially in conformity with the statute.

"But, admitting that it is not *in exact* conformity with the statute, we then say that not only will not the attachment be dismissed for that cause, but the bond is not void for that cause. To render a bond taken under a statute, void, it must be so according to express enactment; or must be intended to operate as a fraud upon the obligors by colour of the law, or as an evasion of the statute. The statute requiring this bond to be given, does not expressly enact that it shall be void unless taken in exact conformity with its provisions; it says, in fact, nothing about the validity of the bond; it only declares that if such a bond as it requires is not given, *the attachment shall be dismissed with costs.* If the bond is not expressly enacted to be void unless taken in conformity with the statute, then the rule is, that a bond taken under such a statute, is good so far as it conforms to it, and void only so far as it does not conform. Commissioners of the Treasury vs. Davis, cited in 2 Nott & McCord, R. 426; The State vs. Mayson, id. 425; Treasurer vs. Bates, 2 Bailey R. 376; Stephens et al. vs. Crawford, Gov. &c., 1 Kelly, R. 581. Under this rule the bond is good as to the other conditions, if it is void (which we have not admitted,) as to that condition which is claimed to be in disconformity with the statute; and is therefore a sufficient bond to prevent the dismission of this attachment."

"It has been variously stated that where a bond is void in part, as violative of a statute, the whole bond is void. However, the prevailing opinion is that where the conditions of a statutory bond are separable, and local statute does not expressly or by necessary implication declare it void as a whole, the conditions not authorized or prohibited may be rejected as surplusage, and the residue may be sustained as a good statutory bond pro tanto, the rule being the same as that applied to common-law bonds partly good and partly bad." 8 Am. Jur. 720, § 32.

The cases and textbook authorities cited in the good briefs of both the plaintiff and defendant have been carefully examined.

The principal opinions cited by the defendant as precedents for holding that the bond should be construed according to its exact language and that force should be given the clause requiring the ninety day notice to the principal or owner, though it is not authorized by the statute are: *American Surety Co. v. Small*

*Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617); *Hannah* v. *Lovelace-Young Lumber Co.,* 159 *Ga.* 856 (127 S. E. 225). The bonds in both cases were held not to be statutory bonds, because they were not made for the benefit of the parties contemplated by the statute in compliance with which they were made. In *Southern Surety Co.* v. *Dawes,* 161 *Ga.* 207 (130 S. E. 577), the bond named an entirely different class of person as being protected by its terms from that for whose benefit the statute required the bond, and it was stipulated that it was made for the benefit of no party except the obligee. This was contrary to the statute it was given under and to which it should have conformed in that the statute provided that the bond should be made for the benefit of a particular class of persons. In the first instance the Supreme Court refused to rewrite the bond by deleting the clause specifying the beneficiary it was given to protect. In the latter the court likewise refused to rewrite the bond by adding words designating those for whose benefit the bond was given.

Neither of the bonds construed in those cases contained all of the provisions of a bond conforming to the statute. They were not bonds complete as statutory bonds, to which an additional provision not authorized by the statute was added by a clause that could be declared illegal, and the structure of the bond fully complying with the statutory requirements left intact. Consequently, those cases do not affect the principle upon which we have decided the bond in this case to be a good statutory bond, and the clause attempting to add to it the provision unauthorized by Code § 23-1705 illegal.

The clause in the bond requiring the notice to be given the principal therein, Bruce Bowen, Incorporated, or the State School Building Authority, designated as the "owner" is not authorized by the statute under which and in conformity with which the bond was made. Code § 23-1705 and related sections of the Code. Hence, the condition was, under the authorities to which we have referred, invalid and unenforceable. The incorporation of the clause in the bond did not render the bond invalid or affect its character as a valid statutory bond.

Having held that the bond dealt with in the instant case was

a valid statutory bond it follows that the demurrer was properly overruled.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*