### 40488. HOME INDEMNITY COMPANY v. BATTEY MACHINERY COMPANY.

DECIDED MARCH 11, 1964.

*Parker, Clary & Kent, Jack Kent, Jr.,* for plaintiff in error. *Matthews, Maddox, Walton & Smith,* contra.

PANNELL, Judge. Battey Machinery Company brought an action against Home Indemnity Company seeking to recover upon a payment bond given in connection with a contract between Gann Construction Company and Gordon County for machinery, materials and equipment supplied to Robert D. Warren, d/b/a Rome Plumbing & Heating Company, who was

a subcontractor of National Heating & Air Conditioning Company, the latter being a subcontractor of Gann Construction Company. General and special demurrers to the petition filed by the defendant were overruled. The defendant assigns error on these rulings in a bill of exceptions to this court.

1. The plaintiff in error, defendant in the court below, in its general demurrer and several of its special demurrers, bases its contentions on the construction placed upon the Miller Act (Title 40 U. S. Code Ann., § 270a, et seq.; Aug. 24, 1935, c. 642, 49 Stat. 794) by the Supreme Court of the United States, the Miller Act in some particulars having almost identical language with our statutes governing the requirement of payment bonds given by contractors engaged in public works. *Code Ann.* § 23-1704, through § 23-1715, being the same sections of the Code of 1933 as amended by the Acts of 1956, p. 340 et seq. The Supreme Court in Clifford F. MacEvoy Co. v. United States, 322 U. S. 102 (64 SC 890, 88 LE 1163) in construing the Miller Act said: "Section 1 (a) (2) of the Miller Act requires every Government contractor, where the amount of the contract exceeds $2,000, to furnish to the United States a payment bond with a surety 'for the protection of all persons supplying labor and materials in the prosecution of the work provided for in said contract for the use of each such person.' Section 2 (a) further provides that 'every person who has furnished labor or material in the prosecution of the work provided for in such contract' and who has not been paid in full therefor within ninety days after the last labor was performed or material supplied may bring suit on the payment bond for the unpaid balance. A proviso then states: 'Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made. . .'

"The Miller Act . . . is highly remedial in nature. It

is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects. Fleisher Engineering Co. v. United States, 311 U. S. 15, 17, 18; cf. United States v. Irwin, 316 U. S. 23, 29, 30. But such a salutary policy does not justify ignoring plain words of limitation and imposing wholesale liability on payment bonds. Ostensibly the payment bond is for the protection of 'all persons supplying labor and material in the prosecution of the work' and 'every person who has furnished labor or material in the prosecution of the work' is given the right to sue on such payment bond. Whether this statutory language is broad enough to include persons supplying material to materialmen as well as those in more remote relationships we need not decide. Even if it did include such persons we cannot disregard the limitations on liability which Congress intended to impose and did impose in the proviso of § 2 (a). However inclusive may be the general language of a statute, it 'will not be held to apply to a matter specifically dealt with in another part of the same enactment. . . Specific terms prevail over the general in the same or another statute which otherwise might be controlling.' Ginsberg & Sons v. Popkin, 285 U. S. 204, 208.

"The proviso of § 2 (a), . . . makes clear that the right to bring suit on a payment bond is limited to (1) those materialmen, laborers and subcontractors who deal directly with the prime contractor and (2) those materialmen, laborers and subcontractors, who, lacking express or implied contractual relationship with the prime contractor, have direct contractual relationship with a subcontractor and who give the statutory notice of their claims to the prime contractor. To allow those in more remote relationships to recover on the bond would be contrary to the clear language of the proviso and to the expressed will of the framers of the Act. Moreover, it would lead to the absurd result of requiring notice from persons in direct contractual relationship with a subcontractor but not from more remote claimants.

"The ultimate question in this case, therefore, is whether Miller, the materialman to whom Tomkins sold the goods and

who in turn supplied them to MacEvoy, was a subcontractor within the meaning of the proviso. If he was, Tomkins' direct contractual relationship with him enables Tomkins to recover on MacEvoy's payment bond. If Miller was not a subcontractor, Tomkins stands in too remote a relationship to secure the benefits of the bond.

*"The Miller Act itself makes no attempt to define the word 'subcontractor.' We are thus forced to utilize ordinary judicial tools of definition."* (Emphasis ours).

The Supreme Court then by applying the proviso reached the conclusion that the word "subcontractor" in the Miller Act refers only to one having a direct relationship to the main contractor and that those supplying materials to the subcontractor not having such relationship have no right to sue on the bond.

For the purposes of this case there is no substantial difference in the language of the Miller Act construed in the above case and the language in corresponding provisions of the Georgia statute; but the Georgia statute does, as the Miller Act does not, have a section defining the word "subcontractor" as used in the Georgia statute. *Code Ann.* § 23-1715 reads in part as follows: "The term 'subcontractor' includes *but is not limited* to those having privity of contract with the prime contractor." (Emphasis ours). The lack of such a definition in the Miller Act resulted in the construction placed thereon by the Supreme Court of the United States. Therefore, the Supreme Court decision construing the Miller Act is not only not persuasive authority but is no authority at all as applicable to the Georgia statute insofar as it holds that a subcontractor is limited to those having privity of contract with the main contractor. The Georgia statute is plain and explicit. The plaintiff in the present case is such a person who, as according to the statute, has a right to sue upon the payment bond.

2. Further contentions made by the plaintiff in error on general demurrer to the petition are (a) that the plaintiff is not a "claimant" entitled to sue, as defined in the bond itself; and, (b) that certain conditions precedent to the action required by the terms of the bond have not been complied with.

These provisions are as follows: "Now, Therefore, The condition of This Obligation is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

"1. A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the contract.

"3. No suit or action shall be commenced hereunder by any claimant (a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer."

(a) " 'It is the general rule that, where a bond is executed under the authority of a public statute then in force, it will be presumed that the intention of the parties was to execute such bond as the law requires, in the absence of anything appearing to show a different purpose and intent; that such statute constitutes a part of the bond as if incorporated in it; and that, in construing the bond in connection with the statute,

whatever is included in the bond which is not thereby required must be read out, and whatever is not expressed and ought to have been incorporated must be read in, so as to conform to the requirements of the law.' *Collins v. U. S. F. & G. Co.,* 72 Ga. App. 875, 879 (35 SE2d 474). See also *Hopkins v. Hartford Accident &c. Co.,* 87 Ga. App. 513 (74 SE2d 494); Atlas Powder Co. v. Nelson and Chase & Gilbert Co., 124 W. Va. 298 (20 SE2d 890); State ex rel. Shenandoah Valley Nat. Bank v. Hiett, 127 W. Va. 381 (32 SE2d 869); State ex rel. Sanders v. Hartford Accident &c. Co., 235 Mo. App. 729 (143 SW2d 483); Jaeger Mfg. Co. v. Massachusetts Bonding & Insurance Co., 229 Ia. 158 (294 NW 268); Branch v. Richmond Cold Storage, Inc., 146 Va. 680 (132 SE 848)." *Talmadge v. General Cas. Co. of America,* 88 Ga. App. 234 (1a) (76 SE2d 562).

(b) The clause in paragraph 3 of the conditions of the bond requiring that notice be given to the principal, the owner or the surety within 90 days, is not authorized by the statute under which and in conformity with which the bond was made. Hence, the condition was invalid and was unenforceable. The incorporation of the clause in the bond did not render the bond invalid or affect its character as a valid statutory bond. *Campbell v. Benton,* 217 Ga. 368 (122 SE2d 223); *St. Paul-Mercury Indem. Co. v. Koppers Co.,* 95 Ga. App. 687 (99 SE2d 275).

3. The rulings on general demurrer are controlling as to special demurrers 5 and 6 to paragraph 6 of the petition alleging valid conclusions of law relating to the invalidity of paragraphs 1 and 3 (a) of the conditions of the bond.

4. While the allegations of paragraph 13 of the petition "that plaintiff had duly complied with all the lawful conditions of said bond and with all applicable provisions of law relating thereto," when construed alone, may be a conclusion of the pleader, elsewhere in the petition there are specific allegations as to compliance with specific lawful conditions of recovery on the bond.

5. Paragraphs 3, 7, 8 and 9 of the petition alleging the existence of the various contracts, other than the bond sued upon, were not subject to demurrer on the ground that no copies

of the contracts were attached. *East Atlanta Land Co. v. Mower,* 138 Ga. 380 (75 SE 418) ; *Simpson v. Charters,* 185 Ga. 592 (196 SE 31) ; *Reed v. Colonial Hill Co.,* 34 Ga. App. 48 (128 SE 201) ; *Code* § 81-105.

6. There are various other special demurrers to (a) paragraphs alleging facts, and (b) to paragraphs alleging conclusions supported by facts elsewhere alleged in the petition, on the grounds that the allegations demurred to are conclusions. These demurrers are without merit.

7. All other special demurrers not specifically dealt with are without merit.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*