A11A2106. ANDERSON et al. v. DANIEL et al.
(724 SE2d 401)

ANDREWS, Judge.

A group of shareholders in a failed bank corporation sued former directors of the bank alleging that they were injured by the directors' negligent misrepresentations about the bank's financial condition which induced them to hold shares of stock which became worthless when the bank failed. The shareholders appeal from the trial court's order granting the directors' motion to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim.[1] We affirm because the allegations of the complaint failed to state a

---

[1] The shareholders of the Alpha Bank & Trust bringing the complaint and this appeal are: Steven J. Anderson; James E. Clair; Dennis Greene; Glen H. Hammer; Nicholas A. Martin by and through his father and next friend Thomas R. Martin; George D. Menden; John M. Riedl; Kia Riedl; Roger A. Santi; Tiffany A. Santi; The Martin Descendant's Trust; James L. White; and Howard B. Workman. The former directors of the Alpha Bank & Trust named individually as defendants are: Thomas D. Daniel; Barry E. Mansell; James A. Blackwell; and William J. Lohmeyer III.

so-called "holder claim" as recognized and limited in *Holmes v. Grubman*, 286 Ga. 636 (691 SE2d 196) (2010).

Under OCGA § 9-11-12 (b) (6),

> [a] motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525 (668 SE2d 723) (2008). Applying these standards, we find no merit to the shareholders' claims that the trial court erred by dismissing the complaint.

The complaint alleged that the bank was chartered in 2006 and regulated by the Georgia Department of Banking and Finance (DBF) and the Federal Deposit Insurance Corporation (FDIC); that in 2006 the shareholders purchased shares of resalable bank stock for $10 per share; that from June 2007 through July 2008 the DBF and the FDIC gave warnings and other information to the bank regarding its adverse financial condition; that the directors negligently failed to timely disclose this information to the shareholders and misrepresented the bank's financial condition as sound; that the DBF and the FDIC required the bank to make efforts to raise additional capital, and, as a result of bank efforts in August 2008 to sell additional shares of stock, the bank's adverse financial condition for the first time became known to all the bank's shareholders and entered the public domain; that as a result of the adverse financial information entering the public domain the stock offering failed; and that the bank failed and was taken over by the FDIC in October 2008 at which time the bank's stock became worthless. In support of the negligent misrepresentation claim, the shareholders' complaint alleged that in four communications from the directors to them the directors either misrepresented that the bank was financially sound or failed to disclose that the bank's true financial condition was not sound. The four communications were: (1) the May 9, 2008 proxy statement sent to all the bank's shareholders for the annual meeting of shareholders; (2) the bank's May 23, 2008 audited financial

statement sent to all the bank's shareholders along with a cover letter to all the bank's shareholders from James A. Blackwell as the chairman of the bank's board of directors; (3) the bank's May 27, 2008 annual shareholders' meeting; and (4) chairman Blackwell's June 2, 2008 letter to all the bank's shareholders summarizing the bank's annual shareholders' meeting. According to the complaint, because of the directors' alleged negligent misrepresentations, including failures to disclose, the shareholders suffered damage when they justifiably relied on the misrepresentations and continued to hold the stock that lost all of its value when the bank failed.

In *Holmes*, supra, the Supreme Court recognized a cause of action by shareholders of publicly traded corporate stock who claim damages as a result of being induced by fraudulent or negligent misrepresentations to hold stock rather than sell it — a so-called "holder claim" — but placed "direct communication" and "specific reliance" limitations on the cause of action. *Holmes*, 286 Ga. at 637-641.[2] As to the "direct communication" limitation, *Holmes* held the "context to be one in which the parties knew each other and the alleged misrepresentations occurred through direct communication." Id. at 639 (quoting *Gutman v. Howard Savings Bank*, 748 FSupp. 254, 265 (D. N.J. 1990)). The *Gutman* opinion recognized "direct communications" as referring to "representations directly to plaintiffs" by the defendants made in person or by telephone. Id. at 258-259, 261, 266. In support of the "direct communication" limitation, *Holmes* also cites to *Newby v. Enron Corp. (In re Enron Corp. Securities, Derivative & "ERISA" Litigation)*, 490 FSupp.2d 784, 819 (S.D. Tex. 2007) and *Goldin v. Salomon Smith Barney, Inc.*, 994 S2d 517, 520 (Fla. App. 2008). *Holmes*, 286 Ga. at 640. In *Newby*, the court recognized that the "critical feature" of the direct communication requirement was "personal contact" between the plaintiff and the defendant such as "direct, face-to-face or telephone misrepresentations," and held that the "holder claim" plaintiffs failed to adequately plead their claims because they "failed to allege any facts demonstrating any direct, personal communication" with the defendants. *Newby*, 490 FSupp.2d at 819-820. Similarly, in *Goldin* the court recognized the requirement that the "misrepresentation was directly communicated from the defendant to the plaintiff." *Goldin*, 994 S2d at 520. *Goldin* held that the plaintiffs failed to plead a "holder claim" because allegations that they relied on misrepresen-

---

[2] The complaint at issue alleges that the shares of bank stock purchased by the shareholders were resalable but not publicly traded. In dismissing the complaint, the trial court did not decide, and we do not address, whether a "holder claim" as recognized in *Holmes*, supra, may apply to stock which is not publicly traded. For purposes of this appeal, we assume that a "holder claim" could be asserted on the bank's stock.

tations in publicly disseminated stock forecasts did not satisfy "the direct communication requirement [which] is a logically necessary sub-element of justifiable reliance. . . ." Id.

As to the "specific reliance" limitation, *Holmes* held:

> We further agree with those courts which require specific reliance on the defendants' representations: for example, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place. The plaintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations. Such distinction reinforces the reliance requirement by separating plaintiffs who actually and justifiably relied upon the misrepresentations from the general investing public, who, though they did not so rely, suffered the loss due to the decline in share value. This distinction also separates common law fraud claims, which must prove actual reliance, from federal securities fraud claims, which may rely upon the fraud-on-the-market theory.

(Citations and punctuation omitted.) *Holmes*, 286 Ga. at 640.

The complaint in this case is an individual or direct action by a group of bank shareholders which attempts to plead a "holder claim" for damages incurred as a result of being induced by negligent misrepresentations to hold their bank stock rather than sell it before it became worthless. An essential element of this claim is that the shareholders justifiably relied on the alleged negligent misrepresentations. *White v. BDO Seidman, LLP*, 249 Ga. App. 668, 670-672 (549 SE2d 490) (2001). To plead a viable "holder claim" the complaint must allege justifiable reliance which under *Holmes*, supra, must include: (1) allegations showing that the misrepresentations were directly communicated by the directors to the shareholders; and (2) allegations of specific reliance by actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate the shareholders actually relied on the misrepresentations. The complaint failed to make any allegation that could be construed as a misrepresentation made in a direct communication from the directors to the shareholders. To the contrary, the misrepresentations alleged in the complaint were made in communications by the bank or a director to all the bank's shareholders, and none of the communications was made by personal contact between a director and a shareholder. The complaint also failed to allege any action that

YALE LAW LIBRARY

could be construed as an indication that a shareholder actually relied on the alleged misrepresentations. Without alleging any action that a shareholder would have taken had they known the truth about the bank's financial condition, the complaint simply alleges in conclusory language that the shareholders relied on the misrepresentations and as a result were damaged when the stock became worthless. Because the complaint failed, as required by *Holmes*, supra, to allege "direct communication" of the misrepresentations or "specific reliance" on the misrepresentations, we find that the shareholders would not be entitled to relief on their asserted "holder claim" under any state of provable facts, nor could they introduce evidence within the framework of the complaint sufficient to establish a "holder claim." It follows that the trial court correctly granted the directors' motion to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 10, 2012 —
RECONSIDERATION DENIED FEBRUARY 28, 2012 —

*Federal & Hasson, R. Keegan Federal, Jr.*, for appellants.
*Foltz & Martin, Mary L. Walker, Kevin H. Hudson, Matthew A. Spivey*, for appellees.