**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 25, 2012**

# In the Court of Appeals of Georgia

A12A1652. LORD v. LOWE et al.

BARNES, Presiding Judge.

Royce Lord committed suicide while imprisoned in the Madison County Jail. The administrator of his estate commenced this suit on a bond against former Madison County Sheriff Clayton Lowe (the "Sheriff"), alleging that the Sheriff should have taken steps to prevent the suicide and that the estate was entitled to recover the full amount of the bond as compensation for the Sheriff's failure to perform the duties of his office. The complaint also named as a defendant the Hartford Fire Insurance Company ("Hartford"), the surety on the bond. The defendants moved to dismiss the complaint on the ground that they were not liable

under the bond as a matter of law, and the trial court granted the motion, resulting in this appeal. We agree with the trial court that dismissal was appropriate and affirm.[1]

> Under OCGA § 9-11-12 (b) (6), a motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted). *Anderson v. Daniel*, 314 Ga. App. 394, 395 (724 SE2d 401) (2012). Nevertheless, where the face of the complaint demonstrates that the plaintiff can prove no set of facts to support an essential element of a claim, dismissal of that claim is appropriate. See *Willis v. United Family Life Ins.*, 226 Ga. App. 661, 662 (1) (487 SE2d 376) (1997). Even when a complaint is liberally construed, there still "must be some legal basis for recovery." (Citation and

---

[1] The defendants' request that the appeal be dismissed, or that some other sanction be imposed, because of the administrator's alleged untimely filing of his appellate brief is hereby denied.

punctuation omitted.) *Pugh v. Frank Jackson Lincoln-Mercury, Inc.*, 151 Ga. App. 320, 322 (4) (259 SE2d 711) (1979).

"A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." OCGA § 9-11-10 (c). Thus, in ruling on a motion to dismiss, a trial court is authorized to consider exhibits attached to and incorporated into the complaint. *Gold Creek SL, LLC v. City of Dawsonville*, 290 Ga. App. 807, 809 (1) (660 SE2d 858) (2008). If there is any discrepancy between the allegations in the complaint and the attached exhibits, the latter control. *H&R Block v. Asher*, 231 Ga. 780, 781 (204 SE2d 99) (1974).

Mindful of these principles, we turn to the complaint and the bond agreement attached as an exhibit to it. They reflect that after taking office, the Sheriff obtained a "sheriff's bond" in the sum of $25,000 from Hartford that remained in effect when Lord committed suicide. The condition of the bond was that the Sheriff

> shall . . . faithfully perform the duties of said office or position during [his] said term, and shall pay over to the person authorized by law to receive the same all moneys that may come into his hands during the said term without fraud or delay, and at the expiration of said term, or in case of his resignation or removal from office, shall turn over to his successor all records and property which have come into his hands[.]

3

The complaint alleged that by not taking appropriate steps to prevent Lord's suicide, the Sheriff had failed to "faithfully and truly perform the duties of [his] office," and thus had breached one of the conditions of the bond, entitling the estate to compensation.[2]

The Sheriff and Hartford answered, denying liability under the bond, and filed a motion to dismiss the complaint. The defendants argued, as discussed infra, that the complaint should be dismissed because the bond in question was a statutory bond issued under the authority of OCGA § 15-16-5, and the estate's allegations of wrongdoing, even if accepted as true, fell outside the coverage of the bond as a matter of law under the "read in / read out" rule for construing statutory bonds. The trial court agreed with the defendants and dismissed the administrator's complaint.

We conclude that the trial court committed no error in dismissing the complaint. OCGA § 15-16-5 requires all sheriffs to give a surety bond. The statute provides:

> The sheriffs shall give a bond in the sum of $25,000.00, which amount may be increased in any county by local Act, conditioned for the faithful

---

[2] The administrator did not assert any tort or constitutional claims against the Sheriff for failing to prevent Lord's suicide.

4

accounting for all public and other funds or property coming into the
sheriffs' or their deputies' custody, control, care, or possession.

As the plain language of the statute reflects, OCGA § 15-16-5 requires a sheriff to
give a bond conditioned on his faithful accounting for funds and property.[3]

The bond obtained by the Sheriff from Hartford exceeded the requirement
imposed by OCGA § 15-16-5 by adding another condition, namely, that the Sheriff
"faithfully perform the duties of [his] office." That additional condition, as the trial

---

[3] The former version of OCGA § 15-16-5 required broader coverage for a
sheriff's bond. That version of the statute provided:

> The sheriffs shall give a bond in the sum of $25,000.00, which amount
> may be increased in any county by local Act, conditioned for the faithful
> performance of their duties as sheriffs, by themselves, their deputies,
> and their jailers, and upon the terms required by law.

OCGA § 15-16-5 (a) (1993). The statute was amended in 1994 to narrow the scope
of coverage. See Ga. L. 1994, p.747, § 1. See *Adams v. Carlisle*, 278 Ga. App. 777,
803 (1) & n. 59 (630 SE2d 529) (2006) (Phipps, J., concurring specially) (recognizing
that earlier version of OCGA § 15-16-5 required broader coverage).

The requirements for bonds given by public officers are covered more
generally by OCGA § 45-4-1 et seq. Under that chapter of the Georgia Code, the
bonds of all public officers required by law to give a bond must be conditioned on the
officer's faithful discharge of his duties, *except in cases where a different condition
is prescribed by law*. OCGA § 45-4-1. Because a different condition is prescribed for
sheriff's bonds by the current version of OCGA § 15-16-5, the broader condition
required for public official bonds by OCGA § 45-4-1 does not apply. See *Glinton v.
And R, Inc.*, 271 Ga. 864, 867 (524 SE2d 481) (1999) (under the rules of statutory
construction, "specific statutes govern over more general statutes").

court properly concluded, is invalid and unenforceable under the "read in / read out" rule for construing statutory bonds.

Under Georgia law,

[w]here a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. *Whatever is included in the bond, and is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it*; but such rule applies only to matters of substance and not to mere matters of form.

(Citation and punctuation omitted; emphasis supplied.) *Campbell v. Benton*, 217 Ga. 368, 371 (2) (122 SE2d 223) (1961). See *Wooten v. G.M.H. Auto Sales, Inc.*, 187 Ga. App. 331, 334-335 (2) (370 SE2d 165) (1988); *Home Indem. Co. v. Battey Machinery Co.*, 109 Ga. App. 322, 326-327 (2) (a), (b) (136 SE2d 193) (1964); *St. Paul-Mercury Indem. Co. v. Koppers Co.*, 95 Ga. App. 687, 698 (2) (99 SE2d 275) (1957). Thus, a bond given under the authority of a statute "can provide no more protection than that

which is required by [the] statute." *Accerbi v. Hartford Fire Ins. Co.*, No. OCGA §-104-048, 2005 U.S. Dist. LEXIS 36032, at *12 (III) (S.D. Ga. Sept. 26, 2005).

The bond given by the Sheriff was "given under the authority of a statute in force," i.e., OCGA § 15-16-5. Although the bond did not expressly reference OCGA § 15-16-5 or incorporate the statutory terms into the bond, that is the very provision under Georgia law that provided the Sheriff with authority to give the bond, and the bond itself was for the amount of $25,000, the sum referenced in the statute. Furthermore, the bond included a condition regarding accounting for funds and property coming into the hands of the Sheriff during his term, and in this respect was consistent with and met the coverage requirements imposed by OCGA § 15-16-5. Accordingly, we conclude that the bond was given under the authority of OCGA § 15-16-5, and that, pursuant to the "read in / read out" rule, the additional condition that the Sheriff "faithfully perform the duties of [his] office" is unenforceable and must be read out of the bond.

Relying on *Mayor of Brunswick v. Harvey*, 114 Ga. 733 (40 SE 754) (1902), and *Collins v. U. S. Fidelity & Guaranty Co.*, 72 Ga. App. 875 (35 SE2d 474) (1945), the administrator argues that a bond cannot be said to be "given under the authority

of a statute in force" where, as in the present case, the bond language does not expressly refer to the statute. We disagree.

*ick*, our Supreme Court concluded that the instrument in question was not a statutory bond at all, but rather an agreement, "in its nature a policy of fidelity insurance," between an insurance company and the city under which the company agreed to insure the city against the fraud and dishonesty of its treasurer. 114 Ga. at 735-736. The agreement did not contain all of the provisions required for the type of statutory bond at issue, and the only obligation placed on the treasurer himself was to hold the insurance company harmless from any loss it sustained on the agreement. Id. In that context, our Supreme Court held that the agreement could not be construed as a statutory bond. Id.

Likewise, the instrument in question in *Collins* was more in the nature of an fidelity insurance policy than a statutory bond. In that case, the instrument was issued directly to the city by the insurance company and was not signed by the officer whose conduct was at issue in the case. *Collins*, 72 Ga. App. at 877. The instrument provided that in consideration for an annual premium, the insurance company would "reimburse" the city "for direct loss through the failure of any person named in the attached schedule to faithfully perform and discharge according to law the duties of

8

any position to which he may be assigned." Id. The officer in question was listed in the schedule attached to the instrument submitted to the city. Id. Under those circumstances, we concluded that the instrument could not be construed as a statutory bond given by the officer. Id. at 880-882.

*Mayor of Brunswick* and *Collins* involved instruments that were worded and structured in a manner far different from the sheriff's bond at issue in the present case and that were more in the nature of fidelity insurance policies than statutory bonds. Neither case stands for the broad proposition asserted by the administrator that a bond must expressly reference or mention the underlying statute before it can be construed as a statutory bond.

Citing to *Cantrell v. Thurman*, 231 Ga. App. 510, 514-515 (5) (499 SE2d 416) (1998), the administrator also argues that while the "read in / read out" rule may apply to statutory bonds in general, it should not be applied to statutory sheriff's bonds in particular. We are unpersuaded. In *Cantrell*, we held that the requirement of the posting of a sheriff's bond under OCGA § 15-16-5 waives sovereign immunity for acts and omissions that come under the coverage of such a the bond, and that "[a] sheriff's bond under OCGA § 15-16-5 is a statutorily written contract with the claimant as the designated third-party beneficiary." 231 Ga. App. at 514-515 (5). We

9

did not mention or address the applicability of the "read in / read out" rule to statutory sheriff's bonds. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Citations and punctuation omitted.) *Jackson v. City of College Park*, 230 Ga. App. 487, 490 (1) (496 SE2d 777) (1998). Consequently, the administrator's reliance upon *Cantrell* is misplaced and provides no basis for treating statutory sheriff's bonds different from other statutory bonds to which the "read in / read out" principle has been applied.

Lastly, the administrator, relying upon *Stephens v. Crawford*, 3 Ga. 499 (1847), maintains that the bond in this case should be construed as a common law bond rather than as a statutory bond. Again, we disagree. In *Martin v. Hartford Accident & Indem. Co.*, 88 Ga. App. 236, 239-241 (3) (76 SE2d 564) (1953), we distinguished *Stephens* along with several other cases. We noted that in those cases where we held that the bond in question could be enforced as a common law obligation, "the bond under consideration was held to be insufficient as a statutory obligation." Id. at 240 (3). We pointed out that such a situation is different from one where the bond meets the criteria for a statutory bond but also includes a condition beyond what was required by the statute. Id. In that scenario, we concluded that it would be anomalous

to enforce the additional condition in the bond under common law principles, and that, instead, the condition that is not required by statute should be treated as "invalid and be read out of the [bond]." (Citation and punctuation omitted.) Id.

Here, the bond in question met the statutory requirements imposed by OCGA § 15-16-5 and thus was valid as a statutory bond, but contained an additional condition that was not authorized by the statute. Thus, as in *Martin*, it would be anomalous to enforce the additional condition as a common law obligation; rather, contrary to the administrator's assertion, the "read in / read out" rule should be applied to excise the offending condition. See *St. Paul-Mercury Indem. Co.*, 95 Ga. App. at 697-698 (2) (where the bond at issue "contain[s] all of the provisions of a bond conforming to the statute," but contains "an additional provision not authorized by the statute," the added provision should be "declared illegal," with the remaining provisions of the bond "complying with the statutory requirements left intact").

For these combined reasons, we conclude that the additional condition in the bond that the Sheriff "faithfully perform the duties of [his] office" was invalid and unenforceable and could not provide a basis for imposing liability upon the Sheriff or Hartford. The trial court thus did not err in dismissing the administrator's complaint that asserted a claim predicated solely upon the bond.

11

*Judgment affirmed. Adams and McFadden, JJ., concur.*